UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINE ANN HIXON, ON HER
OWN BEHALF AND ON BEHALF
OF THOSE SIMILARLY SITUATED,

      Plaintiff,

vs.                                  CASE NO.: 3:08-CV-624-J-12HTS

HSS SYSTEMS, LLC,

      Defendant.
_____/

## STIPULATED ORDER OF DISMISSAL WITH PREJUDICE

This matter is before the Court on the parties' Joint Motion For Dismissal With Prejudice. (Doc. 20) This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff[1] seeks unpaid overtime wages, liquidated damages, and reasonable attorney fees and costs. (Doc. 8) In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). See also, *Honey v. Stafford Transport of Florida, Inc.*, No. 3:06-cv-76-J-33TEM, 2006 U.S. Dist. LEXIS 90311, 2006 WL 3708087, at *1 (M.D. Fla. Dec. 14, 2006). However, "*Lynn's Food Stores* addresses judicial oversight of

---

[1] Although Plaintiff filed this case "on behalf of herself and those similarly situated," the record reflects that Plaintiff has not attempted to meet her burden of demonstrating that the proposed class is similarly situated. 29 U.S.C. § 216(b). See *Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 U.S. Dist. LEXIS 64270, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008).

'compromises' of FLSA claims." *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). When the defendant represents that it has offered the plaintiff at least full compensation on her claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny. *Id.*; see also e.g., *Park v. American Services Of Central Fla., Inc.*, No. 6:06-cv-882-Orl-22UAM, 2007 U.S. Dist. LEXIS 40849, 2007 WL 1626349, at *3 (M.D. Fla. June 5, 2007) ("[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required"). When a plaintiff receives all past due compensation to which she was arguably entitled under the FLSA, "the settlement is fair." *Aiello v. Daytona Beach Lincoln Mercury, Inc.*, No. 6:07-cv-1794-Orl-28KRS, 2008 U.S. Dist. LEXIS 867, 2008 WL 89772, at *1 (M.D. Fla. Jan. 7, 2008) (however, because the parties did not file the settlement agreement, the court does not approve the settlement agreement as a whole).

Here, the parties' Joint Motion seeking an entry of an Order dismissing the case with prejudice references a confidential settlement agreement. (Doc. 20 at 1) The settlement agreement has not been filed with the Court. However, Plaintiff represents and acknowledges payment in full for all of her claims, including her claim for overtime pay, liquidated damages, and attorney fees and costs." (Doc. 20 at 1) Based upon Plaintiff's representation that the settlement agreement pays to her all past due compensation to which she was arguably entitled under the FLSA and her attorney fees and costs, the settlement agreement is necessarily "fair," and requires no judicial scrutiny.

Accordingly, it is hereby

**ORDERED:**

1. Joint Motion For Dismissal With Prejudice (Doc. 20) is **GRANTED** and this action is hereby **DISMISSED WITH PREJUDICE.**

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 16TH day of DECEMBER, 2008.

*Howell W. Melton*
HOWELL W. MELTON
United States District Judge

Copies to Counsel of Record

Jacksonville:37912 1